IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHERYL T., *on behalf of*
M.G.T., *a minor*,

    Plaintiff,

v.                                                                                                  Civ. No. 20-588 MV/GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the Social*
*Security Administration*,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before me pursuant to the Court's Order of Reference (*doc. 32*) and Plaintiff's Motion to Reverse and to Remand for Review on the Merits (*doc. 36*) the Social Security Administration ("SSA") Appeals Council's denial of her request to allow late filing of her appeal of the SSA's decision to terminate M.G.T.'s child disability benefits. For the reasons discussed below, I recommend DENYING Plaintiff's Motion and AFFIRMING the Appeals Council's decision to dismiss Plaintiff's request for review.

    **I.**    **PROCEDURAL HISTORY**

On September 7, 2011, the SSA determined that Plaintiff's thirteen-month-old daughter, M.G.T., was disabled, and it approved Plaintiff's claim for Supplemental

1

Security Income ("SSI") on M.G.T.'s behalf.  Administrative Record ("AR") at 104-112; *see also* AR at 218-224.  On July 20, 2016, when M.G.T. was six years old, the SSA determined that her disability had ceased because she showed significant medical improvement, and it terminated her eligibility for SSI.  AR at 114, 118-19.  After a disability hearing officer affirmed that determination, AR at 140-47, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), AR at 157.  The ALJ held two hearings[1] and issued a decision adverse to Plaintiff on June 11, 2019.  AR at 13.

The 60-day period for Plaintiff to file an appeal of the ALJ's decision, *see* 20 C.F.R. § 416.1468(a),[2] ended on August 15, 2019, without Plaintiff having filed an appeal or a request for an extension of time to appeal.  AR at 8, 10.  On October 17, 2019—132 days after the ALJ's decision—Plaintiff filed a request for review with the SSA Appeals Council, which it dismissed as untimely.  AR at 5-10.  On June 18, 2020, Plaintiff filed suit in this Court, seeking reversal and remand of the Appeals Council's dismissal of her appeal.[3]  Doc. 1.

## II. STANDARD OF REVIEW

---

[1] The first hearing, held in July 2018, was continued so that Plaintiff could seek legal representation.  AR at 65.  Plaintiff remained unrepresented at the second hearing held in November 2018.  AR at 50.
[2] The Court cites to Part 416 of Title 20 of the Code of Federal Regulations, as Plaintiff applied for Supplemental Security Insurance for M.G.T. under Title XVI of the Social Security Act.  *See* AR at 104.  The content of Part 416 mirrors the content of Part 404 of Title 20 of the Code of Federal Regulations, which provides for the adjudication of applications for Social Security Disability Insurance under Title II of the Social Security Act.  Therefore, some of the caselaw that the Court cites interprets provisions of Part 404 rather than Part 416.
[3] The Appeals Council granted Plaintiff an extension of time to file the instant action through June 18, 2020, the date Plaintiff filed her complaint.  AR at 2; *see generally* doc. 1.

After an ALJ holds a hearing and issues an adverse merits-based ruling on a claim for benefits under the Social Security Act, a claimant may request review by the SSA Appeals Council, "the agency's final decisionmaker." *Smith v. Berryhill*, 139. S. Ct. 1765, 1771-72 (2019); 20 C.F.R. § 416.1467. To request Appeals Council review, claimants must file a written request within 60 days of receiving notice of the ALJ's decision, unless the Appeals Council extends the deadline for good cause shown in writing.[4] 20 C.F.R. § 416.1468(a). If a claimant does not file a request for review within 60 days and the Appeals Council has not granted an extension, it will dismiss the appeal. *Id.* § 416.1471. Following the Supreme Court's decision in *Smith v. Berryhill*, such a dismissal is deemed a "final decision … made after a hearing" for purposes of § 405(g) of the Social Security Act, which provides for judicial review of SSA final decisions. *See* 139. S. Ct. at 1774.

Pursuant to 42 U.S.C. § 405(g), a court may review the Commissioner's overall conclusions for an abuse of discretion and findings of fact for whether they are supported by substantial evidence. *Id.* at 1779 n.19. "In reviewing the ALJ's decision, [the Court] neither reweighs the evidence nor substitutes [its] judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such

---

[4] A claimant is deemed to have received notice five days after the date on the notice unless the claimant shows that she did not receive it within five days. 20 C.F.R. § 416.1401.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the agency's] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

When the Appeals Council's dismissal rests on procedural grounds, a court generally should "restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." *Smith*, 139 S. Ct. at 1780.

### III. ANALYSIS

Plaintiff does not dispute that her request for Appeals Council review was untimely. *See doc. 36* at 3. Rather, she argues that the Appeals Council abused its discretion in finding that she failed to show good cause for her failure to file a timely appeal. *See id.* at 6-8. In the alternative, she asks the Court to exercise its discretion to apply equitable tolling and remand her claim for a hearing on its merits by the Appeals Council. *See id.* at 8-9.

**A. Good Cause**

The procedure for requesting an extension of the deadline to request Appeals Council review is set forth in 20 C.F.R. § 416.1468, which states:

> The request for an extension of time must be in writing. It must be filed with the Appeals Council, and it must give the reasons why the request for review was not filed within the stated time period. If [the claimant] shows that [she] had good cause for missing the deadline, the time period will be

4

> extended.  To determine whether good cause exists, [the Appeals Council] use[s] the standards explained in § 416.1411.

20 C.F.R. § 416.1468(b).  The standards in 20 CFR § 416.1411 for determining whether good cause exists are the following:

> (a) In determining whether [a claimant] ha[s] shown that [she] has good cause for missing a deadline to request review [the Appeals Council] considers—
> (1) What circumstances kept [the claimant] from making the request on time;
> (2) Whether [agency] action misled [the claimant];
> (3) Whether [the claimant] did not understand the requirements of the [Social Security] Act resulting from amendments to the Act, other legislation, or court decisions; and
> (4) Whether [the claimant] had any physical, mental, educational, or linguistic limitations (including any lack of facility with the English language) which prevented [her] from filing a timely request or from understanding or knowing about the need to file a timely request for review.
>
> (b) Examples of circumstances where good cause may exist include, but are not limited to, the following situations:
> (1) [The claimant was] seriously ill and [was] prevented from contacting [the Appeals Council] in person, in writing, or through a friend, relative, or other person.
> (2) There was a death or serious illness in [the claimant's] immediate family.
> (3) Important records were destroyed or damaged by fire or other accidental cause.
> (4) [The claimant was] trying very hard to find necessary information to support [her] claim but did not find the information within the stated time periods.
> (5) [The claimant] asked [the agency] for additional information explaining [its] action within the time limit, and within 60 days of receiving the explanation [she] requested reconsideration or a hearing, or within 30 days of receiving the explanation [she] requested Appeals Council review or filed a civil suit.

> (6) [The agency] gave [the claimant] incorrect or incomplete information about when and how to request administrative review or to file a civil suit.
> (7) [The claimant] did not receive notice of the determination or decision.
> (8) [The claimant] sent the request to another Government agency in good faith within the time limit and the request did not reach [the Social Security Administration] until after the time period had expired.
> (9) Unusual or unavoidable circumstances exist, including the circumstances described in paragraph (a)(4) of this section, which show that [the claimant] could not have known of the need to file timely, or which prevented [her] from filing timely.

20 C.F.R. § 416.1411.

Here, Plaintiff argues that the Appeals Council abused its discretion by failing to explain why the circumstances she described in her request for review did not constitute good cause for an extension of her deadline to appeal. *Doc. 36* at 6-8. Plaintiff described those circumstances as follows in her request for review:

> The reasons I was unable to appeal the decision with the 60 days is because I'm a single parent to my four children. After receiving the dec[i]sion I had to start looking for employ[]ment. I started working a month after the dec[i]sion and tried to balance home and work. It was difficult to work because [M.G.T.] had sep[a]ration anxiety while I was working. I also had to take care of legal matters while working.

AR at 10. In its analysis of whether Plaintiff showed good cause for an extension, the Appeals Council concluded:

> The claimant's mother submitted a statement with the request for review. She alleged she was unable to file the request for review within 60 days of the Administrative Law Judge's decision because she is a single parent to four children, she started looking for employment, and she found it difficult to balance her responsibilities at home and at work. However, the Appeals

6

> Council finds these are not circumstances reasonably expected to prevent a claimant from filing a timely request for review (20 CFR 416.1411).

*Id.* at 8.

Despite its brevity, I find no abuse of discretion in the Appeals Council's foregoing analysis of the circumstances described in Plaintiff's request for review. The Appeals Council's explanation—that Plaintiff's justifications for her untimely request for review were "not circumstances reasonably expected to prevent a claimant from filing a timely request for review," AR at 8—comports with 20 C.F.R. §§ 416.1468 and 416.1411, the applicable legal standards governing its decision, *see Binckes v. Comm'r of Soc. Sec.*, 20-CV-635 (AMD), 2021 WL 1026568, at *2 (E.D.N.Y. Mar. 16, 2021) (reviewing an Appeals Council dismissal of an untimely appeal under 20 C.F.R. §§ 416.1468 and 416.1411). The Appeals Council accurately summarized the circumstances presented by Plaintiff in her request for review and indicated that it found them dissimilar to the type of circumstances described in 20 C.F.R. § 404.1411 that are deemed to justify an extension of the appeals deadline.[5] Such an approach does not constitute an abuse of discretion. *See Jasper v. Comm'r of Soc. Sec. Admin.*, Case No. 3:20-cv-103, 2021 WL 3883062, at *4 (S.D. Ohio Aug. 31, 2021).

---

[5] I note that the Appeals Council did not explicitly mention Plaintiff's statement that she had to "take care of legal matters" in its decision. *See* AR at 8. For reasons discussed at greater length below, I do not find that its failure to explicitly address this claim constitutes an abuse of discretion.

Plaintiff argues that the Appeals Council erred by not applying or discussing SSR 91-5p, an SSA interpretive ruling that sets forth the agency's policy for how it undertakes its good cause determination when a claimant asserts mental incapacity as the reason for her failure to timely appeal. *Doc. 36* at 6-7; *doc. 39* at 3 & n.2; SSR 91-5p, 1991 WL 208067 (July 1, 1991). Plaintiff argues that, because she alleged that her "mental state prevent[ed] her from filing the appeal within the 60-day deadline," the Appeals Council should have applied SSR 91-5p and considered her "mental condition, the time that elapsed before she sought review, and whether she was represented by an attorney" in its good cause determination. *Doc. 36* at 6-7. The undersigned disagrees that the SSA abused its discretion in not applying this ruling, because the justifications Plaintiff offered in her request for an extension do not implicate SSR 91-5p.

SSR 91-5p states that "[a] claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review." 1991 WL 208067, at *2. It also clarifies that the agency considers the following factors—as they existed at the time of the administrative action challenged by the claimant—as indicative of a claimant's lack of mental capacity to understand the procedures for requesting review: "[]inability to read or write; []lack of facility with the English language; []limited education; [and] any mental or physical condition which limits the claimant's ability to do things for him/herself." *Id.* Here, none of the statements in

8

Plaintiff's request for review—that she was a single parent, had to look for employment, was struggling to "balance home and work," and "had to take care of legal matters," *see* AR at 10—indicated that she lacked the mental capacity to understand the procedures for requesting review at the time the ALJ issued his unfavorable decision, *see Arthur F. v. Comm'r of Soc. Sec.*, Case No. 1:19-cv-1187, 2021 WL 950634, at *5 (C.D. Ill. Mar. 12, 2021) ("The cursory assertion of Plaintiff's [mental limitation], in general, does not explain how Plaintiff 'could not have known of the need to file timely' or was 'prevented … from filing timely.'" (quoting 20 C.F.R. § 416.1411(b))).

Plaintiff's arguments also do not implicate any of the factors listed in SSR 91-5p that indicate the lack of mental capacity deemed to prevent a claimant from timely filing an appeal. Plaintiff does not allege an "inability to read or write;" "lack of facility with the English language;" or "limited education." *Cf.* SSR 91-5p, 1991 WL 208067, at *2. And to the extent Plaintiff argues she was experiencing a "mental condition" due to her stress at the time of the filing deadline, *see doc. 36* at 7; *doc. 39* at 3, she does not assert that such stress "limit[ed] [her] ability to do things for []herself," as is required by SSR 91-5p, *see* 1991 WL 208067, at *2; *Blair v. Apfel*, 229 F.3d 1294, 1296 (10th Cir. 2000). In summary, the statements in Plaintiff's request for review did not indicate that SSR 91-5p was applicable to her request for review. I therefore find no abuse of discretion in the SSA's failure to discuss or apply it.

Furthermore, Plaintiff did not discuss in her request for review two of the factors that she alleges the Appeals Council should have considered pursuant to SSR 91-5p—that Plaintiff's request for review was untimely by slightly more than two months and that she was proceeding *pro se*. *See doc. 36* at 7; AR at 10. Under 20 C.F.R. §§ 416.1468 and 416.1411, claimants bear the burden of showing good cause for missing the deadline to appeal at the time they file their request for review. *See* 20 C.F.R. §§ 416.1468, 416.1411; *Binckes*, 2021 WL 1026568, at *2 (declining to consider justifications for a late filing that the plaintiff offered on appeal but not to the Appeals Council). "To determine whether the Appeals Council abused its discretion, the Court's review is limited to the record before the Appeals Council." *Lee v. Comm'r of Soc. Sec.*, Case # 1:19-cv-953-DB, 2020 WL 6636403, at *6 (W.D.N.Y. Nov. 12, 2020). Because Plaintiff did not contend that good cause was established due to her status as a *pro se* plaintiff or the fact that her request was two months late in her request for review, I decline to consider these circumstances in determining whether the Appeals Council abused its discretion.

Similarly, I do not find that Plaintiff's explanation about the "legal matters" that she referenced in her request for review is a basis for disturbing the Appeals Council's dismissal, because Plaintiff did not explain how attending to these matters contributed to her alleged mental limitation until after the Appeals Council had already issued its dismissal. *See* AR at 3-4; 10; *doc. 36* at 6. Plaintiff now explains that she was experiencing stress that precluded her from filing her appeal because

10

> she had been helping her daughter, who was under age 18, to obtain a restraining order against the daughter's boyfriend, who had begun stalking behavior. After the boyfriend was advised of the restraining order he fired a gun at [Plaintiff's] home, which caused anxiety, which in turn led to [Plaintiff] losing the recently obtained employment.

*Doc. 36* at 6 (citations omitted). Regardless of whether Plaintiff has sufficiently alleged, based on these circumstances, that she had a mental limitation that prevented her from timely filing her appeal, she offered this explanation to the Appeals Council on June 18, 2020, following its dismissal of her appeal on February 28, 2020. *See* AR at 3-5. Plaintiff does not indicate that this information was not available to her at the time she filed her appeal, so I also decline to consider it in determining whether the Appeals Council abused its discretion. *Cf. Arthur F.*, 2021 WL 950634, at *6 (finding that remand to the Appeals Council was appropriate where plaintiff offered new evidence justifying his untimely appeal that was previously unavailable to him, and there was a reasonable probability the evidence would have changed the Appeals Council's decision); *Walker v. Comm'r of Soc. Sec.*, No. 6:12-cv-1025-Orl-DAB, 2013 WL 3833199, at *8 (M.D. Fla. July 23, 2013) (remanding due to new and material evidence of a mental limitation existing at the time of plaintiff's appeal deadline).

Because I find that the Appeals Council's dismissal of Plaintiff's appeal is supported by substantial evidence, applied the correct legal standards, and was not an abuse of discretion, I recommend affirming it. *See Jacqueline E. v. Saul*, Case No. 1:17-cv-00414, 2020 WL 1234949, at *5 (W.D.N.Y. Mar. 13, 2020).

### B. Equitable Tolling

Plaintiff argues that if the Court does not find that the Appeals Council abused its discretion, it should nevertheless remand her appeal in the exercise of its equitable discretion. *See doc. 36* at 1, 8-9. Plaintiff argues that equitable tolling of the 60-day regulatory period for filing a request for review with the Appeals Council is warranted because she "was *pro se* at all levels of the administrative hearings and review[,] … was under a great deal of a stress as a result of her need to find employment quickly, due to M.G.T.'s separation anxiety, and she was undergoing financial stress after the loss of M.G.T.'s benefits." *Id.* at 8-9. She also argues that the Court should toll the appeals deadline because she "has provided additional details about the causes of her emotional distress during the time the appeal was due" and because M.G.T. received new diagnoses in April 2020 of left hemiparesis and cerebral palsy. *Id.* at 9.

I do not find that equitable tolling is warranted. There is no doubt that the 60-day requirement for seeking judicial review under section 405(g) is subject to equitable tolling. *See, e.g., Taylor v. Colvin*, Civil Action No. 15-4856-JWL, 2015 WL 1959706, at *2 (D. Kan. Apr. 29, 2015) (citing *Bowen v. City of New York*, 476 U.S. 467, 478–80 (1986)); *Osornio v. Comm'r of Soc. Sec. Admin.*, No. CV-19-08267-PCT-GMS, 2020 WL 7714543, at *2 (D. Ariz. Dec. 29, 2020). However, Plaintiff is not requesting that the Court toll the limitations period for filing a complaint in district court under 42 U.S.C. § 405(g); she is asking the Court to toll the 60-day regulatory deadline for filing a request for review

12

with the Appeals Council under 20 C.F.R. § 416.1468(a). *See doc. 36* at 8. When the question before the Court is the propriety of the Appeals Council's dismissal of an untimely request for review, the theory of equitable tolling is not available. *Lee*, 2020 WL 6636403, at *6.

*Bowen v. City of New York*, which Plaintiff cites in support of her request that the Court toll the regulatory appeals deadline, does not hold otherwise. *Bowen* held that applying equitable tolling of the 60-day statute of limitations in section 405(g) for judicial review in appropriate circumstances is "consistent with the overall congressional purpose" in enacting section 405(g). 476 U.S. at 480. Plaintiff emphasizes that the *Bowen* court's decision was motivated by the "fairness concerns" that underlie the SSA's regulations and states that "[a]lthough *Bowen* concerned a missed deadline to file in court under 42 U.S.C. § 405(g), the reasoning is helpful when assessing a missed deadline to appeal an unfavorable ALJ decision." *See doc. 36* at 8. I do not find Plaintiff's analysis of *Bowen* persuasive, however, because the "fairness concerns" to which the *Bowen* court cited are already built into the regulations establishing the 60-day period for Appeals Council review and authorizing the Council to grant extensions. *See Bowen*, 476 U.S. at 480 n.12. *But see Phuong Doan v. Astrue*, No. 04CV2039 DMS (RBB), 2010 WL 1031591, at *6 (S.D. Cal. Mar. 19, 2010) (citing *Bowen* for the proposition that "[t]he sixty day requirements for initial exhaustion of administrative remedies … are subject to equitable tolling"), *rev'd in part on other grounds*, 464 F. App'x 643 (9th Cir.

13

2011) (unpublished).  As discussed above, these regulations set forth the very "good cause" standard applied by the Appeals Council in Plaintiff's administrative appeal.

In the alternative, assuming *arguendo* that the doctrine of equitable tolling can be applied to toll the 60-day period for requesting Appeals Council review, I do not find that Plaintiff has shown the extraordinary circumstances that meet the stringent standard a court must apply in applying equitable tolling.  In the context of Social Security appeals, courts apply tolling when "the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'"  *Bowen*, 476 U.S. at 480 (quoting *Matthews v. Eldridge*, 424 U.S. 319, 330 (1976)).  "In the Tenth Circuit, equitable tolling is typically permitted when the defendant's conduct rises to the level of active deception, when the plaintiff has been lulled into inaction by the defendant, and when extraordinary circumstances have prevented the plaintiff from filing his or her claim within the statutory period." *Taylor*, 2015 WL 1959706, at *2 (citing *United States v. Clymore*, 245 F.3d 1195, 1199 (10th Cir. 2001)).  In addition, litigants are entitled to equitable tolling only if they have diligently pursued their rights.  *See Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016); *Fleming v. Evans*, 481 F.3d 1249, 1254 (10th Cir. 2007).

Plaintiff does not argue that the SSA engaged in active deception that prevented her from timely filing her appeal.  *See generally doc. 36* at 8-9.  She also does not dispute whether she received notice of the appeals deadline or understood when her appeal

14

was due. *Id.* Some courts have determined that—absent other extraordinary circumstances—plaintiffs are not entitled to equitable tolling when it is not in question that they received and understood the Appeals Council's notice of the appeals deadline, as Plaintiff did here. *Zayid v. Comm'r of Soc., Sec. Admin.*, Case No. 1:19CV732, 2019 WL 7944353, at *3 (N.D. Ohio Nov. 26, 2019); *Salter*, 2016 WL 10538874, at *3; *Butler v. Colvin*, No. CIV-14-0449-HE, 2014 WL 2896000, at *2 (W.D. Okla. June 26, 2014) (citing *Hall v. United Parcel Serv., Inc.*, 101 F. App'x 764, 766 (10th Cir. 2004)) (finding that a plaintiff's attorney's negligence did not justify equitable tolling where the plaintiff did not dispute that she received notice that her claim was denied and of the appeals deadline, and she was aware that "timeliness was critical to preserving her claim"). To the extent Plaintiff alleges that her stress and the fact that she was proceeding *pro se* amount to a mental impairment that prevented her from meeting the deadline, I note that mental impairments must meet a high threshold of severity before they are deemed to merit tolling. *See, e.g., Silva v. Soc. Sec. Admin.*, No. CV 07-1238 LH/LCS, 2008 WL 11451525, at *2 (D.N.M. May 23, 2008); *Larry G.*, 2020 WL 2616396, at *3 (citing *Cromer v. Berryhill*, No. 2:17-cv-00304-RAJ-TLF, 2017 WL 10701821, at *2–3 (W.D. Wash. Nov. 3, 2017), report and recommendation adopted, No. 2:17-cv-00304-RAJ-TLF, 2017 WL 10701820 (W.D. Wash. Dec. 20, 2017)) (stating that "[i]ncapacity due to a mental impairment may warrant equitable tolling where the 'mental illness is severe and the mental illness or condition caused the plaintiff to file in an untimely manner'"). I do not find that

15

Plaintiff's allegations about her emotional and financial stress rise to the requisite level of severity or specificity. *See Larry G.*, 2020 WL 2616396, at *4 (holding that plaintiffs must offer specific, detailed allegations concerning how an alleged mental limitation caused them to miss an appeals deadline).

Finally, M.G.T.'s new diagnoses of left hemiparesis and cerebral palsy are not a basis for remanding Plaintiff's appeal to the Appeals Council. A district court may order remand when a claimant offers "new and material evidence …, and [shows] good cause for failing to incorporate such evidence in the earlier proceeding. *Williams v. Barnhart*, 178 F. App'x 785, 792 (10th Cir. 2006); *see also Bell v. Colvin*, 645 F. App'x 608, 614 (10th Cir. 2016). However, remand is not appropriate when the new evidence arose after the date of the ALJ's decision. *Williams*, 178 F. App'x at 792; *Moore v. Astrue*, 274 F. App'x 719, 722 (10th Cir. 2008); *Berensen v. Comm'r, SSA*, 772 F. App'x 644, 647 (10th Cir. 2019). Plaintiff states that M.G.T.'s new diagnoses are from April 2020, *see doc. 1* at 7, so they post-date the ALJ's decision, which issued on June 11, 2019, AR at 13. Therefore, the proper course is for Plaintiff is to reapply for M.G.T.'s benefits on the basis of this new evidence. *See Brown v. Colvin*, Civil Action No. 13-cv-02428-RBJ, 2014 WL 2117879, at *17 (D. Colo. May 20, 2014).

### IV. CONCLUSION

For the foregoing reasons, I find that the Appeals Council did not abuse its discretion and that equitable tolling of the 60-day deadline in 20 C.F.R. § 404.968 is not

warranted. Therefore, I RECOMMEND that the Appeal's Council's dismissal of Plaintiff's request for review be AFFIRMED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**