**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHERYL T., *on behalf of*
M.G.T., *a minor*,

        Plaintiff,

vs.                                                       No. CIV 20-588-MV-GBW

KILOLO KIJAKAZI,
*Acting Commissioner of the Social
Security Administration*,

        Defendant.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED
DISPOSITION**

THIS MATTER is before the Court on Plaintiff's Objections (Doc. 44) to the Magistrate

Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 43), recommending

that the Court deny Plaintiff's Motion to Reverse and to Remand for Review on the Merits (Doc.

36) and affirm the decision of the Appeals Council.  Having conducted an independent, *de novo*

review of the Motion (Doc. 36), the parties' briefing (Docs. 38, 39), the Magistrate Judge's

PFRD (Doc. 43), and Plaintiff's objections (Doc. 44), the Court will overrule Plaintiff's

objections and adopt the PFRD.

## BACKGROUND

Plaintiff filed an application for Supplemental Security Income (SSI) on behalf of her

then-13-month-old daughter, M.G.T., on July 6, 2011, alleging disability due to developmental

delays.  *See* Administrative Record ("AR") at 104, 218-224.  Her application was approved on

September 7, 2011.  AR at 104-112.  Then, on July 20, 2016, the Social Security Administration

(SSA) terminated M.G.T.'s eligibility for SSI because it determined that her impairments no

longer caused her marked and severe functional limitations.  AR at 114.  Plaintiff's request for

reconsideration was denied on May 19, 2017, by a disability hearing officer. AR at 140.

Following a November 5, 2018, hearing before an Administrative Law Judge ("ALJ"), *see* AR at

71-103, the ALJ affirmed the disability hearing officer's decision on June 11, 2019, AR at 13.

Plaintiff filed a request for review with the Appeals Council on October 17, 2019.  *See*

AR at 12.  The Appeals Council denied review on February 28, 2020, finding that Plaintiff's

request for review was untimely.  AR at 8-9.  In so finding, the Appeals Council determined that

Plaintiff's request for review was not filed within 60 days of the date Plaintiff received notice of

the ALJ's decision, as is required by 20 C.F.R. § 416.1468(a), and that Plaintiff had not shown

good cause for missing that deadline pursuant to 20 C.F.R. § 416.1468(b).  AR at 8.

Plaintiff filed suit in this Court on June 18, 2020, seeking reversal and remand of the

Appeals Council's dismissal of her appeal.  *See* Doc. 1.  On January 4, 2022, per the Court's

Order of Reference (Doc. 32), the Magistrate Judge issued his PFRD recommending denial of

remand.  Doc. 43.  Plaintiff timely filed objections to the PFRD on January 7, 2022 (Doc. 44),

and the Commissioner responded on February 4, 2022 (Doc. 47).

## STANDARD OF REVIEW

This case was referred to the Magistrate Judge to conduct hearings and perform legal

analysis pursuant to 28 U.S.C. § 636(b)(1)(B).  *See* Doc. 27.  Under that referral provision, the

Court's standard of review of the portions of a magistrate judge's PFRD to which objections are

made is *de novo*.  *See* 28 U.S.C. § 636(b)(1)(C).  The district judge may accept, reject, or modify

the recommended disposition; receive further evidence; or return the matter to the magistrate

judge with instructions."  Fed. R. Civ. P. 72(b)(3).  "[A] party's objections to the magistrate

judge's report and recommendation must be both timely and specific to preserve an issue for de

novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Moreover, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

In adopting the Magistrate Judge's PFRD, the district court need not "make any specific findings; the district court must merely conduct a *de novo* review of the record." *Garcia v. City of Albuquerque*, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996) (citing *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995), and *Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42*, 8 F.3d 722, 724 (10th Cir. 1993)). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." *Bratcher*, 8 F.3d at 724. A "terse" order containing one sentence for each of the party's "substantive claims," which did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion," was held sufficient. *See Garcia*, 232 F.3d at 766. The Supreme Court has explained that "in providing for a 'de novo determination' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (quoting 28 U.S.C. § 636(b)) (citing *Mathews v. Weber*, 423 U.S. 261, 275 (1976)).

## ANALYSIS

**A.  The Appeals Council's Finding that Plaintiff Did Not Show Good Cause for Her Untimely Filing Was Not an Abuse of Discretion.**

Plaintiff has two objections to the Magistrate Judge's proposed finding that the Appeals Council did not abuse its discretion when it found that Plaintiff's stated reasons for untimely filing her request for review did not constitute good cause.  Doc. 44 at 1.  First, Plaintiff asserts that neither the Appeals Council nor the Magistrate Judge provided an explanation for the conclusion that Plaintiff's stated reasons "are not circumstances reasonably expected to prevent a claimant from filing a timely request for review."  *Id.* at 1-2. (quoting Doc. 43 at 7 and AR at 8).  The Court overrules this objection to the extent that Plaintiff argues that the Magistrate Judge should have provided an explanation that elaborated upon the reasoning set forth in the Appeals Council's decision.  It is a fundamental principle of administrative review that a reviewing court should not provide post hoc justifications for an agency decision on a matter delegated to that agency alone.  *See, e.g.*, *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962).  To the contrary, a reviewing court should judge the propriety of such a decision based solely on the grounds invoked by the agency, *see id.* (quoting *Sec. & Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947)), as the Magistrate Judge did here, *see* Doc. 43 at 7, 10.  Moreover, the Magistrate Judge explained the reasons for his finding that the Appeals Council did not abuse its discretion—namely, because the Appeals Council's analysis "comport[ed] with … the applicable legal standards" and was a fair and accurate characterization of Plaintiff's stated reasons.  *Id.* at 7.

To the extent that Plaintiff argues that the Appeals Council abused its discretion because its analysis was "conclusory" and provided "no specific reason [as to] why [Plaintiff's] circumstances did not qualify for an extension," *see* Doc. 43 at 1-2, the Court notes that Plaintiff cites no authority for the proposition that the Appeals Council must supply a specific reason for finding that a Plaintiff's stated circumstances do not constitute good cause, *see generally id.* To the contrary, the regulations that provide the standards used by the Appeals Council in determining whether a claimant has shown good cause do not contain articulation requirements for the Appeals Council's explanation of its analysis. *See* 20 C.F.R. §§ 416.1411, 416.1468. The Court therefore overrules this objection.

Second, Plaintiff asserts that the cases cited by the Magistrate Judge are not applicable to the circumstances at bar. Doc. 44 at 2. Plaintiff objects that *Jasper v. Comm'r of SSA*, Case No. 3:20-cv-103, 2021 WL 3883062 (S.D. Ohio Aug. 31, 2021), is not applicable because the *Jasper* plaintiff was represented by counsel at her administrative hearing, unlike Plaintiff herein. *Id.* The Magistrate Judge cited *Jasper* in support of the proposition that the Appeals Council's analytical approach to its evaluation of Plaintiff's stated reasons was not an abuse of discretion, "despite [the] brevity" of its explanation. Doc. 43 at 7.

The Court initially observes that *Jasper*—as an unpublished district court decision from outside this circuit—is only persuasive authority, and the Magistrate Judge treated it as such. Moreover, the portion of the *Jasper* opinion cited by the Magistrate Judge contains the *Jasper* court's analysis of the articulation requirements for a good cause finding under different regulations than the ones it applied in Plaintiff's case. *See Jasper*, 2021 WL 3883062, at *4 (assessing good cause under HALLEX I-2-4-25(B), 1993 WL 643012). For that reason, also, *Jasper* is merely persuasive authority. Nonetheless, the Court does not agree with Plaintiff that

*Jasper* should be distinguished on the basis that the *Jasper* plaintiff had legal representation.  In the relevant portion of the *Jasper* opinion, the court's analysis concerning the existence and scope of any articulation requirements for the Appeals Council's good cause finding did not turn on whether a claimant had legal representation.  *See id.*  It follows that the distinction Plaintiff draws in her objection between the plaintiff in *Jasper* and Plaintiff herein is not a basis to find *Jasper* inapplicable.

Plaintiff also argues that *Binckes v. Comm'r of SSA*, 20-CV-635 (AMD), 2021 WL 1026568 (E.D.N.Y. Mar. 16, 2021), is inapplicable because the *Binckes* plaintiff was represented by counsel at his administrative hearing, his appeal was untimely by five months, and the court relied upon his failure to provide supporting documents for his proffered reasons for missing his appeals deadline and his changing explanation for missing the deadline.  Doc. 44 at 2.  The Magistrate Judge cited *Binckes* as general support for two propositions: first, that 20 C.F.R. §§ 416.1411 and 416.1468 govern the Appeals Council's determination of whether Plaintiff showed good cause, *see* Doc. 43 at 7, and second, that claimants bear the burden of showing good cause at the time they file a request for review, *id.* at 10.  Both of these propositions are independently verifiable with reference to 20 C.F.R. §§ 416.1411 and 416.1468, and neither depends on the factors on which Plaintiff seeks to distinguish *Binckes*.  *See* 20 C.F.R. § 416.1468 (explaining the procedure for a "party to … ask that the time for filing a request for the review [of a hearing decision] be extended" and "show that [it] had good cause for missing the deadline").  Therefore, the Court also overrules this objection.

### B.  The Appeals Council's Failure to Discuss and Apply SSR 91-5p Was Not an Abuse of Discretion

Plaintiff objects on multiple grounds to the Magistrate Judge's finding that the Appeals Council did not err by not discussing or applying Social Security Ruling (SSR) 91-5p, *see* Doc.

44 at 3-4, which clarifies how the SSA evaluates whether a claimant has shown good cause when the claimant has presented evidence that mental incapacity prevented her from timely requesting review, *see* SSR 91-5p, 1991 WL 208067 (July 1, 1991).  For the reasons set forth below, the Court agrees with the Magistrate Judge that the Appeals Council did not err when it did not apply or discuss SSR 91-5p.

First, Plaintiff argues that *Arthur F. v. Comm'r of SSA*, Case No. 1:19-cv-1187, 2021 WL 950634 (C.D. Ill. Mar. 12, 2021), "supports [Plaintiff's] request for good cause for late filing" because it held that when a claimant offers new evidence that was previously not before the Appeals Council, and there is a reasonable probability that the Appeals Council would have reached a different conclusion if it had considered the new evidence, then a reviewing court should find that remand is warranted.  Doc. 44 at 3.  Plaintiff argues that M.G.T.'s diagnosis of cerebral palsy following the ALJ's decision constitutes the type of new evidence that would justify remand, as the new evidence did in *Arthur F. Id*.

Plaintiff's objection based on *Arthur F.* and M.G.T.'s cerebral palsy diagnosis obscures the distinction between the new evidence found to justify remand in *Arthur F.*—an unpublished district court decision from a different circuit—and Plaintiff's new evidence related to M.G.T.'s recent diagnoses.  In *Arthur F.*, the claimant offered new evidence of his attorney's misconduct, among other evidence, in attacking the Appeals Council's dismissal of his untimely appeal. 2021 WL 950634, at * 5.  The Court found that the new evidence of the attorney's alleged misconduct justified remand because it was "new" and "material" to the Appeals Council's good cause finding, and because the claimant showed good cause for his failure to present it earlier in his request for review.  *Id.* at *5-7.  Unlike the evidence of attorney misconduct in *Arthur F.*, Plaintiff's new evidence is not material to the Appeals Council's good cause finding because

M.G.T.'s diagnosis post-dates the time period during which Plaintiff's request for review was due by approximately eight months, *see doc. 36* at 9 (stating that M.G.T.'s new diagnosis is from April 2020); thus, it could not be a circumstance that "prevented [Plaintiff] from filing timely" that request within the meaning of § 416.1411, *see* 20 C.F.R. § 416.1411.  For this reason, the Court does not agree with Plaintiff that *Arthur F.* supports her argument that M.G.T.'s April 2020 diagnosis is new evidence that she had good cause for her late filing.

Plaintiff next objects to the Magistrate Judge's finding that SSR 91-5p does not apply because Plaintiff did not show that her asserted mental limitations interfered with her ability to do things for herself, Doc. 44 at 3 (citing Doc. 43 at 9), as is required by SSR 91-5p, *see* 1991 WL 208067, at *2.  Plaintiff argues that she made such a showing because she alleged that "stress from her family trauma and the responsibilities of parenting a disabled child caused her to miss the deadline."  *Doc. 44* at 3.  Plaintiff contends that timely filing a request for review is a "thing" one does for "oneself" within the meaning of 91-5p.  *Id.* (arguing that complying with her filing deadline "was one of the 'things' that she was required to do in processing M.G.T.'s disability claim").  Taken to its logical extreme, this premise would hold that every time a claimant files an untimely request for review, that untimely filing itself constitutes evidence pursuant to SSR 91-5p that the claimant lacked the mental capacity to understand the procedures for requesting review such that good cause exists for an extension of the filing deadline.  The Court is doubtful that timely filing a request for Appeals Council review is a "thing" one does for "oneself" within the meaning of 91-5p.

Regardless, the Court will overrule this objection for an additional, more concrete reason: SSR 91-5p provides that allegations of mental incapacity bear on the Appeals Council's "good cause" determination to the extent that they evidence a claimant's inability to understand the

review process for their appeal.  1991 WL 208067, at *2 (stating that "proper consideration will

be given to a claimant who presents evidence that mental incapacity may have prevented him or

her from *understanding* the review process" (emphasis added)).  The Court agrees with the

Magistrate Judge's observation that "none of the statements in Plaintiff's request for review …

indicated that she lacked the mental capacity to understand the procedures for requesting

review."  Doc. 43 at 8-9 (citing AR at 10).  Indeed, it appears that Plaintiff understood and—with

the exception of her untimely request for Appeals Council review—was able to comply with the

relevant procedures for handling M.G.T.'s claim, because she timely filed a request for a

hearing, *see* AR at 157-59, represented M.G.T. at two administrative hearings, *see* AR at 49, 84,

and filed a request for Appeals Council review, *see* AR at 10, 12, prior to obtaining legal

representation, *cf. Thompson v. Comm'r of SSA*, 919 F.3d 1033, 1038 (8th Cir. 2019) (finding

that a claimant did not show that his mental condition precluded him from timely filing an appeal

in federal court where he was able to previously submit filings on time).  Therefore, the Court

concurs with the Magistrate Judge's finding that the Appeals Council did not abuse its discretion

in failing to discuss or apply SSR 91-5p.

Plaintiff also objects to the Magistrate Judge's finding that "[Plaintiff] was required to

include in her request for review both the fact that she was proceeding *pro se*, and that her

request was two months late," in order for these reasons to warrant the Appeals Council's

consideration.  *See* Doc. 44 at 3-4.  In support of this objection, Plaintiff asserts, first, that "the

fact that [she] was *pro se* was readily apparent to the Appeals Council by virtue of the fact that

no attorney had entered an appearance," and, similarly, that "the Appeals Council was well

aware of the date of [Plaintiff's] late filing because they were the agency that received the

filing."  *Id.* at 4.  Second, Plaintiff asserts that "the Magistrate Judge's proposal that [the] Court

need not consider reasons offered on appeal that were not offered to the Appeals Council is directly contrary to the holding of [*Arthur F.*], which the Magistrate Judge cited for other purposes." *Id.* (citing *doc. 43* at 10, *doc. 44* at 3, and *Arthur F.*, 2021 WL 950634).

20 C.F.R. § 416.1468 provides that a party requesting an extension of time to file a request for review must file a written request for an extension of time that "give[s] the reasons why the request for review was not filed within the stated time period."  It also provides that "the time period [for filing a request for review] will be extended" if the party "show[s] … good cause for missing the deadline" based on her written request.  *Id.*  Based on these regulations, the Court concurs with the Magistrate Judge's conclusion that Plaintiff bore the burden of showing good cause for her late filing, and that she bore this burden at the time she filed her request for review.  Accordingly, the Appeals Council did not abuse its discretion in dismissing Plaintiff's request despite circumstances left unstated in Plaintiff's request.

*Arthur F.* does not contradict this conclusion.  As discussed previously, the *Arthur F.* court determined that a claimant's allegations that his attorney's misconduct had caused his request for review to be filed untimely was new, material evidence that required it to remand his appeal to the Appeals Council on the limited question of whether the misconduct constituted good cause for extending plaintiff's filing deadline.  *See* 2021 WL 950634, at *5-7.  Plaintiff's *pro se* status and the extent of her request's lateness are not new evidence; both were available to Plaintiff when she filed her request for review.

Finally, Plaintiff "objects to the Magistrate Judge's failure to rule upon her claim that the reason the Appeals Council should have discussed the elapsed time frame from the deadline to the actual date of filing … [was because Plaintiff's delay] was not an inordinate amount of time when compared with the fact that the Appeals Council is under no time constraints to rule upon

appeals and often takes several months to a year to do so."  Doc. 44 at 4 (citing doc. 36 at 7 &

n.3).  Plaintiff is correct that the Magistrate Judge did not address this argument in his proposed

findings.  *See generally* Doc. 43.  Upon de novo review, the Court is not persuaded that the

Appeals Council's lack of a regulatory deadline for issuing its decisions (or the absence of any

prejudice to the Appeals Council from Plaintiff's untimely filing) is a reason for finding that

Plaintiff showed good cause for missing her filing deadline, or that the Appeals Council abused

its discretion by failing to contextualize the amount of time by which Plaintiff's filing was

untimely against its own time frame for issuing decisions.  Unlike claimants who wish to file a

request for review, the Appeals Council is not subject to a regulatory deadline for publishing its

decisions.  Nor do §§ 416.1411 and 416.1468 require the Appeals Council to consider this factor

in its good cause determinations.  Plaintiff does not connect her argument concerning the

Appeals Council's lack of a deadline to the applicable legal standards in §§ 416.1411 and

416.1468, and the Court is not otherwise persuaded that the Appeals Council's timeline for

issuing decisions (or the lack of prejudice to the Appeals Council from Plaintiff's untimely

filing) has any bearing on whether Plaintiff's written reasons for missing her filing deadline

amount to good cause.  Finally, Plaintiff did not include this circumstance in her written request

for review, *see* AR at 10, and, as discussed previously, *see supra* p. 10, the Court does not find

that the Appeals Council erred in failing to consider factors that Plaintiff did not include in her

request, *see Lee v. Comm'r of SSA*, Case # 1:19-cv-953-DB, 2020 WL 6636403, at *6

(W.D.N.Y. Nov. 12, 2020) ("To determine whether the Appeals Council abused its discretion,

the Court's review is limited to the record before the Appeals Council.").  Therefore, the Court

overrules this objection.[1]

---

[1] The Court is not persuaded by the two unpublished orders cited by Plaintiff in her Motion to Reverse the Appeals Council's Dismissal, and to Remand for Review on the Merits, With Supporting Memorandum. *See doc. 36* at 7 n.

**C.  The Doctrine of Equitable Tolling Does Not Apply to the Circumstances Surrounding Plaintiff's Untimely Request for Review**

Lastly, Plaintiff objects to the Magistrate Judge's finding that equitable tolling of the regulatory deadline for filing a request for review is not warranted.  *See* Doc. 44 at 4-5.  The Magistrate Judge recommended finding that the doctrine of equitable tolling does not apply to the regulatory deadline for filing a request for review established by 20 C.F.R. § 404.968, or, in the alternative, that Plaintiff's alleged circumstances are not sufficient to meet the standard for equitable tolling.  *See* Doc. 43 at 12-16.

First, Plaintiff objects on the basis that *Lee v. Commissioner of SSA*, 2020 WL 6636403, is distinguishable.  Doc. 44 at 4.  The Magistrate Judge cited *Lee* for the proposition that "[w]hen the question before the Court is the propriety of the Appeals Council's dismissal of an untimely request for review, the theory of equitable tolling is not available."  Doc. 43 at 13 (citing *Lee*, 2020 WL 6636403, at *6).  Plaintiff contends that *Lee* can be distinguished because "[i]n that case the Appeals Council provided explicit reasoning for its refusal to allow late filing: that statements submitted by the plaintiff's attorney and the attorney's office manager were not supported by objective evidence," but "[h]ere, one of [Plaintiff's] claims is that the Appeals Council did not provide any analysis for its finding that [Plaintiff] failed to show good cause for her missed deadline."  Doc. 44 at 4-5 (emphasis omitted).  The *Lee* court's conclusion that the plaintiff was not entitled to equitable tolling rested on its categorical statement that "the theory of equitable tolling is not applicable [where] [t]he question … is the untimeliness of Plaintiff's request for Appeals Council review—not her request for judicial review following the agency's

---

3 (citing Order Granting Remand, *Martinez v. SSA*, Civ. No. 18-0711-GBW (D.N.M. May 31, 2019), ECF No. 27; Order Granting Remand, *Lorenzo v. SSA*, Civ. No. 18-1089-GBW (D.N.M. Oct. 3, 2019), ECF No. 24).  Plaintiff states that in those opinions, the Court "not[ed] that the Appeals Council denied review" more than nine months, and one year, respectively, after the ALJs in those cases issued their decisions.  *Id.*  The Court finds Plaintiff's citations to those opinions unpersuasive because the time taken by the Appeals Council to deny review in those two cases did not figure in the Court's analysis of the merits of those appeals.

ultimate determination."  *Lee*, 2020 WL 6636403, at *6.  Like the *Lee* plaintiff, Plaintiff is seeking to toll the deadline for a request for Appeals Council review rather than the deadline to file a complaint in federal court.  The thoroughness of the Appeals Council's explanation for its good cause determination in *Lee* was not relevant to the *Lee* court's conclusion about whether the deadline for filing a request for review can be equitably tolled.  The Court therefore overrules this objection.

Plaintiff also objects to the Magistrate Judge's finding that *Bowen v. City of New York*, 476 U.S. 467 (1986), does not militate in favor of applying the doctrine of equitable tolling to the regulatory deadline for filing a request for Appeals Council review.  *See* Doc. 44 at 5.  Plaintiff asserts that the reasoning employed by the Magistrate Judge in making this finding is "circular" because "it is the very denial of [her] request for an extension that is at the heart of this claim." Doc. 44 at 5.  The Court construes Plaintiff's argument as an objection to the Magistrate Judge's observation that the "fairness concerns" found persuasive in *Bowen* "are already built into the regulations establishing the 60-day period for Appeals Council review and authorizing the Council to grant extensions."  Doc. 43 at 13 (citing *Bowen*, 476 U.S. at 480 n.12).

The Court will overrule this objection because Plaintiff is incorrect that—by virtue of her request for an extension being denied—the animating "fairness concerns" underlying the Social Security Act and its regulations were not brought to bear on her request for Appeals Council review.  The Court concurs in the Magistrate Judge's conclusions that the Appeals Council applied the correct regulations in weighing Plaintiff's request for an extension—including 20 C.F.R. § 416.1411, *see* Doc. 43 at 7, 11; AR at 8; *supra* p. 6 —and that § 416.1411 clearly requires the Appeals Council to consider equitable factors in its good cause determinations under § 416.1468, *see* 20 C.F.R. § 416.1411; *Bowen*, 476 U.S. at 480 n.12 (stating that "SSA's

regulations governing extensions of time for filing are based on considerations of fairness to claimants"). Therefore, the Court agrees with the Magistrate Judge's reasoning concerning the relevance of the *Bowen* court's reasoning.

Indeed, even if the doctrine of equitable tolling were applicable, the Court finds that Plaintiff has not made the necessary showing to warrant tolling her appeals deadline. In so finding, the Court has considered Plaintiff's objection to the Magistrate Judge's finding that "[Plaintiff] has not shown 'the extraordinary circumstances that meet the stringent standard a court must apply in applying equitable tolling.'" Doc. 44 at 5 (citing Doc. 43 at 14). Plaintiff argues that the Magistrate Judge's finding was in error because the circumstances surrounding her failure to timely file her request for review were extraordinary and her allegations concerning those circumstances were "severe and specific." *See id.* at 5-6. However, as the Magistrate Judge noted, equitable tolling is warranted only in the few circumstances where "the equities in favor of tolling … are so great that deference to the agency's judgment is inappropriate." Doc. 43 at 14 (citing *Bowen*, 476 U.S. at 480). Claimants must show both "extraordinary circumstances" and that they have been diligently pursuing their rights before a court may apply equitable tolling. *See, e.g., Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007); *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Examples of circumstances in which courts have applied equitable tolling include where a claimant has been actively misled in a manner that has prevented her from timely filing an appeal[2] or where the claimant timely filed a defective pleading. *See Romero v. Apfel*, Civ. No.

---

[2] The Plaintiff is correct that active deception is an illustrative extraordinary circumstance and not a necessary condition for the application of tolling. The Court does not read the Magistrate Judge's order to hold otherwise. *See* Doc. 43 at 15 (observing that "equitable tolling is *typically* permitted when the defendant's conduct rises to the level of active deception, when the plaintiff has been lulled into action by the defendant, and when extraordinary

98-194 MV/LCS, 1998 WL 36030653, at *1 (D.N.M. June 1, 1998); *Hess v. Astrue*, No. CV 08-131-TUC-FRZ, 2009 WL 2513452, at *4 (D. Ariz. Aug. 14, 2009) (citing *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990), and *Bowen*, 476 U.S. at 481-82).

Having considered Plaintiff's alleged circumstances, the Court agrees with the Magistrate Judge that equitable tolling is not warranted.  Plaintiff argues that she has shown that extraordinary circumstances prevented her from timely filing an appeal because she "was *pro se* at all levels of the administrative hearings and review" and when she filed her complaint in federal court, and "[i]n addition, she was extremely stressed as a result of her need to find employment quickly, from M.G.T.'s separation anxiety, from financial stress from the loss of M.G.T.'s benefits, and from the need to obtain a restraining order on her teenaged daughter's behalf."  Doc. 44 at 5.  Traditional principles of equitable tolling do not recognize a plaintiff's status as a *pro se* litigant, without more, as a circumstance that merits application of equitable tolling.  *See Jackson*, 506 F.3d at 1355-56 (holding that a court's application of doctrine of equitable tolling in a Social Security Appeal should comport with traditional equitable tolling principles and that "ignorance of the law does not, on its own, satisfy the constricted 'extraordinary circumstances' test"); *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (stating that "in the absence of a showing of specific facts to support a claim of extraordinary circumstances and due diligence, *pro se* status … do[es] not entitle [a claimant] to equitable tolling."

While the Court is sympathetic to the impact of the circumstances described by Plaintiff on herself and her family, the Court is constrained to agree that Plaintiff's allegations do not

---

circumstances have prevented the plaintiff from filing his or her claim within the statutory period" (emphasis added) (quoting *Taylor v. Colvin*, Civil Action No. 15-4856-JWL, 2015 WL 1959706, at *2 (D. Kan. Apr. 29, 2015))).

"rise to the requisite level of severity or specificity" necessary to merit application of equitable tolling. *See* Doc. 43 at 16; *Twumwaa v. Colvin*, No. 13 Civ. 5858(AT)(JLC), 2014 WL 1928381, at *4 (S.D.N.Y. May 14, 2014) (finding that a claimant's allegation that she was "stressed and also in pain" was insufficient to invoke equitable tolling).

Finally, Plaintiff objects to the Magistrate Judge's finding that new evidence she has obtained—namely, M.G.T.'s diagnosis of cerebral palsy following the Appeals Council's denial of her request for review—is not grounds for remand.  Doc. 44 at 6.  The Court agrees with the Magistrate Judge's conclusion that remand is not appropriate based on this evidence, albeit based on different reasoning than that of the Magistrate Judge.

The Magistrate Judge stated that "remand is not appropriate when the new evidence arose after the date of the ALJ's decision."  Doc. 43 at 16 (collecting cases).  Plaintiff argues that, to the contrary, "[i]t has long been the law in this circuit that if later-dated evidence sheds light upon the claimant's functioning during the relevant period, then it must be considered."  Doc. 44 at 6 (collecting cases).  Plaintiff's statement of the law is overbroad as applied to the procedural posture of her appeal.  The decisions cited by Plaintiff in support of this objection all arose in the context of substantive challenges to ALJ determinations of non-disability.  *See Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1348-49 (10th Cir. 1990) (addressing the question of whether progressive disease diagnoses made after the date a claimant last met the Social Security Act's insured status requirement and about symptoms the claimant experienced while insured were substantial evidence of disability); *Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 479 (10th Cir. 1993) (reviewing the medical evidence submitted by the claimant for the three-year period before the expiration of his insured status and finding that the ALJ's conclusion that the claimant "failed to submit 'any' probative medical evidence documenting his condition

during this time lacked substantial evidence); *Miller v. Chater*, 99 F.3d 972, 977 (10th Cir. 1996) (holding that failure to consider evidence about whether the claimant had a disability before the insurance cutoff date because the evidence postdated that date was legal error).  Here, the SSA decision before the Court is the Appeals Council's denial of Plaintiff's request for review on the procedural ground of not showing good cause for the tardy filing of that request.  *See generally doc. 1*.  In *Smith v. Berryhill*, the Supreme Court determined that such denials are reviewable in federal court and stated that a federal court in such cases "should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance." 139 S. Ct. at 1780.  In accordance with *Smith*, the Court restricts its review to the Appeals Council's determination that Plaintiff did not show good cause for her late filing.  M.G.T. obtained her new diagnosis after the Appeals Council's good cause determination.  That diagnosis speaks to whether M.G.T. has a disability; this issue is not before the Court.  Rather, this Court may consider only whether Plaintiff had good cause to miss the request for review deadline.  Because M.G.T.'s diagnosis does not speak to whether Plaintiff had good cause to miss the request for review deadline, this Court is not permitted to consider M.G.T.'s diagnosis in determining whether remand is appropriate.

## CONCLUSION

It IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Plaintiff's objections (Doc. 44) are overruled, and the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 43) are ADOPTED upon *de novo* review.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reverse the Appeals Council's Dismissal, and to Remand for Review on the Merits, With Supporting Memorandum (Doc. 36) is

DENIED, and the decision of the Appeals Council is hereby AFFIRMED.

_____
MARTHA VÁZQUEZ
Senior United States District Judge